Barbour.
1  315
67h 303

SANQUIRICO *vs.* BENEDETTI.

A court of equity will not enforce the specific performance of an agreement to sing, in concerts, operas, &c.

The difficulty, if not the utter impracticability, of compelling the performance of such an agreement, is a conclusive reason why a court of equity should refuse to interfere.

In such a case the party should be left to his remedy at law.

Neither will a court of equity restrain, by injunction, a breach of the negative part of such an agreement, viz. that the defendant will not make other engagements.

IN EQUITY. The bill of complaint alleged that the defendant had agreed with the complainant to perform and sing in concerts, operas, &c. throughout the United States and Canada, and that he would not make engagements with any other person. That he was about to make other engagements, and was about to leave the state. The bill prayed for a decree for specific performance, and also for an injunction, and a *ne exeat.* The defendant moved to dissolve the injunction, and discharge the *ne exeat.*

*Theo. Sedgwick,* for the defendant.

*Robert Emmet,* for the complainant.

EDWARDS, J. Although there may be cases in which a court of equity will decree specific performance of a contract for personal services, still, this is not one of that character. The difficulty, if not the utter impracticability, of compelling a specific performance of the contract set forth in the bill, is a conclusive reason why this court should refuse its interference. The complainant should be left to his remedy at law. If, however, there were any doubt, upon principle, yet, I consider it abundantly settled upon authority, that the complainant can have no relief upon the equity side of the court. The cases of *Kemble* v. *Kean,* (6 *Sim. R.* 333,) and *Hamblin* v. *Dinneford,*

(2 *Edw.* 529,) are strictly analagous to this case. In each of those cases an injunction, which had been granted *ex parte*, was dissolved, on the grounds which I have above stated. And it was decided that the court would not only not interfere positively by a decree for specific performance, but that, on the other hand, it would not interfere negatively by the writ of injunction. In the case of *Corsetti* v. *De Rivafinoli*, (4 *Paige*, 264,) the chancellor clearly did not intend to lay down any different rule.

As this case is not one in which the court will grant relief, of course there is nothing to sustain the writ of *ne exeat*. The injunction must therefore be dissolved, and the writ of *ne exeat* discharged.

